**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-50110
Summary Calendar

WILLIAM ROBERT PARKER,

Plaintiff-Appellant,

VERSUS

BOBBY CASKEY, ET AL.,

Defendant-Appellees.

Appeal from the United States District Court
For the Western District of Texas
(A 94 CA 603)

( March 28, 1995)

Before KING, JOLLY and DeMOSS, Circuit Judges.

PER CURIAM:*

## BACKGROUND

Texas state prisoner William Robert Parker filed a pro se, in forma pauperis (IFP) complaint against Bobby and Boyd Caskey, the parents of his murder victim; state court Judge Benny Boles; the Texas Board of Pardons and Paroles; and various members of the

---

* Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the Court has determined that this opinion should not be published.

Texas Board of Pardons and Paroles, alleging that the various defendants conspired to deprive him of his civil rights during parole proceedings. The magistrate judge ordered Parker to file a more definite statement, and Parker responded by filing a lengthy pleading which included newspaper references regarding the Caskeys contacts with the Board of Pardons and Paroles; correspondence from various state officials; lists of witnesses and the subject matter of their intended testimony; and pleadings from prior state and federal proceedings. The magistrate judge had the pleadings stricken from the record because Parker failed to comply with the local rule requiring all pleadings to be filed in duplicate.

The magistrate judge recommended dismissing the complaint as frivolous because the claims against the Caskeys were frivolous and malicious; against Judge Boles and the members of the Board of Pardons and Parole because they are absolutely immune; and against the Board of Pardons and Paroles because it was not a "person" within the meaning of § 1983. The district court, after considering the stricken pleadings, adopted the magistrate judge's report and recommendation and dismissed the complaint as frivolous.

On appeal, Parker argues the merits of his underlying claim that the various defendants conspired to deny him parole, see Appellant's Brief, 3-5, but does not address the basis of the district court's dismissal. Issues not raised or briefed on appeal are considered abandoned. <u>Evans v. City of Marlin, Tex.</u>, 986 F.2d 104, 106 n.1 (5th Cir. 1993). Therefore, this court will dismiss

2

the entire appeal as frivolous.  See <u>Lavergne v. Harris County Central Jail</u>, No. 94-20112 (5th Cir. Sept. 20, 1994) (unpublished; copy attached).

Parker also argues that the district court prematurely dismissed his complaint without a <u>Spears</u> hearing, but he does not indicate how he would have expanded upon the allegations in his complaint.  A district court is not required to conduct a <u>Spears</u> hearing before dismissing an IFP complaint as frivolous.  <u>Green v. McKaskle</u>, 788 F.2d 1116, 1120 (5th Cir. 1986).  A <u>Spears</u> hearing is "in the nature of a motion for a more definite statement."  <u>Wesson v. Oglesby</u>, 910 F.2d 278, 281 (5th Cir. 1990).  Instead of conducting a <u>Spears</u> hearing, Parker was given an opportunity to file a more definite statement.  Parker cannot demonstrate any error.

APPEAL DISMISSED.